# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DEWHITE D. JOHNSON,<br><br>                Plaintiff,<br><br>v.<br><br>DONALD STONEFELD, MARY SAUVEY, J. ZWEIRS, PETE ERIKSON, BRIAN FOSTER, PRAPTI KUBER, SUE PETERS, OFFICER EVERSON, and JODENE PERTTU,<br><br>                Defendants. | Case No. 18-CV-915-JPS<br><br>**ORDER** |

      Plaintiff, a prisoner proceeding *pro se*, filed a complaint in the above captioned action. (Docket #1). Plaintiff has also filed a petition for leave to proceed *in forma pauperis*. (Docket #2). The total cost of filing a civil action is $400.00, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. However, the $50.00 administrative fee does not apply to persons granted in forma pauperis status. Pursuant to the Prison Litigation Reform Act (PLRA), a prisoner plaintiff proceeding *in forma pauperis* is required to pay the statutory filing fee of $350.00 for any civil action. See 28 U.S.C. § 1915(b)(1).

      Under the PLRA, which amended the *in forma pauperis* statute, the court must assess an initial partial filing fee of twenty percent of the average monthly deposits to Plaintiff's account or average monthly balance in Plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *Id.* After the initial fee is paid, Plaintiff must make monthly payments of twenty percent of the

preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

Plaintiff filed a certified copy of his prisoner trust account statement for the six-month period immediately preceding the filing of the complaint as required under 28 U.S.C. § 1915(a)(2). A review of this information reveals that, for the six-month period immediately preceding the filing of the instant complaint, both the average monthly deposit and average monthly balance to the account were $0.00. Because Plaintiff is totally destitute, the Court will waive payment of the initial partial filing fee in this case. *Id.* § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

The PLRA also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions in forma pauperis, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event that his action is later dismissed for any of the above reasons, it will have an impact on the prisoner's ability to bring other actions *in forma pauperis*. This analysis of the complaint is not undertaken by the court until after the initial partial filing fee is paid. Even though the Court has waived payment of the initial partial filing fee, it will nevertheless afford Plaintiff an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under § 1915(g).

**Notice to Plaintiff**: If you do not wish to proceed with this action to avoid incurring a "strike" under §1915(g), you must notify the court by filing a letter with the Clerk of Court on or before **July 13, 2018**, stating that you do not wish to prosecute this civil action. If you write such a letter, this case will be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under §1915(g).

Finally, the Court will address Plaintiff's pending motion to pay the filing fee from his release account. (Docket #4). "A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878 at *3 (E.D. Wis. July 23, 2014) (citing Wis. Adm. Code § DOC 309.466). Given the purpose of the release account, federal courts do not deem it prudent to focus on that account as the source of funds to satisfy the filing fee payment requirements. *Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001). As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002). The Court will, therefore, deny Plaintiff's motion. Though he need not pay an initial partial filing fee, the full filing fee will be collected from his prison trust account in monthly installments as described above.

Accordingly,

**IT IS ORDERED** that on or before **July 13, 2018**, Plaintiff may file a letter with the court stating that he does not wish to proceed with this action, in accordance with the directions provided above. If no such letter is received by that date, the court will determine whether the action can continue to proceed *in forma pauperis*. The court will review the complaint to determine that the action is not frivolous or malicious and that the complaint states a claim upon which relief can be granted. If the complaint does not meet this standard, the action will be dismissed;

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the institution where the inmate is confined; and

**IT IS FURTHER ORDERED** that Plaintiff's motion to pay the filing fee from his release account (Docket #4) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of June, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge