# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DEWHITE D. JOHNSON,<br><br>      Plaintiff,<br><br>v.<br><br>DONALD STONEFELD, DR. MARY SAUVEY, J. ZWIERS, PETE ERIKSON, BRIAN FOSTER, DR. PRAPTI KUBER, SUE PETERS, OFFICER EVERSON, and JODENE PERTTU,<br><br>      Defendants. | Case No. 18-CV-915-JPS<br><br>**ORDER** |

  Plaintiff DeWhite D. Johnson, who is incarcerated at Waupun Correctional Institution, proceeds in this matter *pro se*. He filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Due to Plaintiff's indigence, the Court waived payment of an initial partial filing fee in his case. (Docket #7). The Court proceeds to screen the complaint.

  The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's allegations are somewhat disjointed and difficult to follow, but the Court gathers the following general theme. Plaintiff claims that he contracted Type 1 diabetes on October 24, 2015. This occurred in an emergency situation, where Plaintiff was rushed to the hospital and fell into a diabetic coma for three days. He suggests that some of the named defendants, who appear to be medical providers in the Wisconsin prison system, committed "negligence" or "medical malpractice" in failing to diagnose that malady sooner and thus potentially prevent the medical emergency.

In particular, on July 27, 2015, Plaintiff was seen by Dr. Prapti Kuber ("Kuber"). Kuber is a medical doctor who works at Dodge Correctional Institution ("Dodge"). It is unknown why Plaintiff went to see her, but Kuber diagnosed Plaintiff with an STD. Plaintiff was then transferred to Green Bay Correctional Institution ("GBCI") at some point between that date and September 25, 2015. From September to October, Plaintiff was seen by various GBCI medical personnel, both nurses and doctors, for symptoms of vomiting, weakness, blurred vision, and extreme thirst. They treated him in various ways, though Plaintiff says that all of their treatments were misguided.

Plaintiff cannot proceed on his current complaint for numerous reasons. First, not all of the named defendants are mentioned in the factual allegations of the complaint. Those who have no factual allegations stated against them cannot possibly be subject to liability. Second, it appears that Plaintiff may have a joinder of claims problem as between Kuber at Dodge and the GBCI defendants. *See* Fed. R. Civ. P. 18, 20; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). It is not clear precisely how Kuber's conduct should be connected to that of the other defendants. If there is no meaningful connection, then Plaintiff cannot sue Kuber and the GBCI defendants in the same lawsuit. Third, Plaintiff makes a passing remark about a "cover-up" committed by Jodene Perttu with respect to certain documents that Plaintiff requested throughout 2017. His conclusory allegations with respect to her state no constitutional claims. Further, that allegation is clearly not connected to the medical treatment issues stemming from the summer and fall of 2015.

Finally, and most importantly, Plaintiff fails to state any viable claims for relief against the medical defendants. Plaintiff's allegations evoke

the Eighth Amendment's guarantee of adequate healthcare for prisoners. *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016). A prison official violates this guarantee when they exhibit deliberate indifference to a prisoner's serious medical needs. *Id.* at 728. Neither negligence nor medical malpractice is sufficient to state a claim under the Eighth Amendment. *Id.* Rather, the prison official must be aware of a substantial risk of harm and do nothing to abate it. *Id* For medical professionals, a plaintiff must show that their "treatment decision[s] [were] such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the [medical professional] did not base the decision on such a judgment." *Id.* at 729 (quotation omitted).

Plaintiff's allegations fall far short of this standard. He was certainly not ignored by any of the defendants. Each addressed his complaints or symptoms in some manner, even if that was not satisfactory to Plaintiff. Nowhere does Plaintiff allege that their treatment decisions were so poor as to demonstrate that they had abandoned their training and judgment as medical professionals. Indeed, Plaintiff specifically alleges that defendants were negligent or committed malpractice in failing to recognize his diabetes. This is not sufficient to impose constitutional liability on them.

This analysis should not be surprising to Plaintiff. He filed a lawsuit concerning these same events in October 2017. *Johnson v. Stonefeld et al.*, Case No. 17-CV-1389-LA (E.D. Wis.), (Docket #1). Judge Lynn Adelman screened Plaintiff's complaint in that case and similarly determined that he failed to state a viable deliberate indifference claim. *Id.*, (Docket #12). Instead of amending his complaint to correct his deficient allegations, Plaintiff dismissed that action without prejudice. *Id.*, (Docket #16).

This Court will also allow Plaintiff an opportunity to amend his complaint. However, because he filed and voluntarily dismissed a prior action on the same claim, this will be his final chance to rectify his deficient pleading. If his amended complaint does not state a claim upon which relief may be granted, this action will be dismissed with prejudice.

Plaintiff must file his amended complaint no later than **August 17, 2018**. Plaintiff should be aware that an amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted); *see also Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

The Court preemptively warns Plaintiff that the above-stated deadline will not be extended for any reason. If an amended complaint is not received by that date, this action will be dismissed without further notice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that on or before **August 17, 2018**, Plaintiff shall file an amended pleading or this action will be dismissed;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 27th day of July, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge