# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DEWHITE D. JOHNSON,<br><br>                    Plaintiff,<br><br>v.<br><br>DONALD STONEFELD, PETE ERIKSON, and C.O. EVIERSON,<br><br>                    Defendants. | Case No. 18-CV-915-JPS<br><br>**ORDER** |

On July 27, 2018, the Court screened Plaintiff's Complaint as required by 28 U.S.C. § 1915A. (Docket #11). The Court found that the Complaint failed to state any viable grounds for relief. *Id.* at 4–5. The Court afforded Plaintiff an opportunity to amend his pleading no later than August 17, 2018. *Id.* at 6. Plaintiff filed an amended complaint on August 15, 2018. (Docket #12). The Court must now screen that pleading, and all the same standards announced in the original screening order apply here. *Id.* at 1–3.

The amended complaint alleges that on October 24, 2015, while incarcerated at Green Bay Correctional Institution, Plaintiff was rushed to the hospital where he fell into a diabetic coma. (Docket #12 at 2). He stayed in the coma for three days and contracted Type One diabetes. *Id.* Plaintiff contends that each Defendant is at fault for this in different ways. First, on October 20, 2015, Defendant Donald Stonefeld ("Stonefeld"), a doctor, refused to examine Plaintiff. *Id.* The inference is that had he done so, Stonefeld would have discovered that Plaintiff needed medical attention for diabetes. Second, Defendant C.O. Evierson ("Evierson") allegedly failed to

report Plaintiff's medical needs to the institution's medical staff on October 23, 2015. *Id.* Plaintiff does not describe his symptoms on that date, but the Court can infer that in light of what happened the following day, they were severe enough to warrant medical attention. Finally, Plaintiff alleges that Defendant Pete Erikson ("Erikson"), the security director, failed to write an incident report about Plaintiff's hospitalization. *Id.*

As with his original complaint, Plaintiff's allegations evoke the Eighth Amendment's guarantee of adequate healthcare for prisoners. *Petties v. Carter*, 836 F.3d 722, 727–28 (7th Cir. 2016). A prison official violates this guarantee when they exhibit deliberate indifference to a prisoner's serious medical needs. *Id.* at 728. Neither negligence nor medical malpractice is sufficient to state a claim under the Eighth Amendment. *Id.* Rather, the prison official must be aware of a substantial risk of harm and do nothing to abate it. *Id.* For medical professionals, a plaintiff must show that their "treatment decision[s] [were] such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the [medical professional] did not base the decision on such a judgment." *Id.* at 729 (quotation omitted).

Plaintiff's allegations fall short of this standard for Stonefeld and Erikson. As to Stonefeld, Plaintiff's allegations are directly contradicted by an exhibit attached to the amended complaint. The exhibit is a report prepared by Stonefeld after he met with Plaintiff on October 20, 2015. (Docket #12-1 at 4). It demonstrates that Stonefeld did indeed meet with Plaintiff in-person and evaluated him. *Id.* Further, the report identifies Stonefeld as a psychiatrist, not a physician. *Id.* Thus, it is unclear what Plaintiff would expect Stonefeld to do about a medical problem like diabetes. As to Erikson, Plaintiff does not allege that he played any part in

the events leading to the hospitalization. The fact that he may have violated prison policy by not writing a report afterwards did not contribute to cause Plaintiff's injury, namely contracting diabetes and suffering a coma.

Plaintiff has, however, stated a claim against Evierson. Construing Plaintiff's allegations extremely generously, Plaintiff exhibited a serious medical need to which Evierson failed to respond even minimally. The truth of this construction is suspect, as another exhibit to Plaintiff's amended complaint suggests that Plaintiff had merely vomited—not pleasant certainly, but not serious. *See id.* at 1 (note from October 23 concerning Plaintiff, apparently written by a guard, which says that Plaintiff "became ill" in the dining hall and the area had to be cleaned with a mop). Further, it is unknown whether Plaintiff had been seen by medical staff at some other point in the day; a correctional officer like Evierson is entitled to rely on the medical care provided by medical staff. Nevertheless, because the facts are not clear at this stage, the Court will not dismiss Evierson along with the other defendants.

In sum, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b): Evierson's deliberate indifference to Plaintiff's serious medical need, in violation of the Eighth Amendment, when Evierson did not contact medical staff in the face of Plaintiff serious illness.

The Court will also address Plaintiff's pending motion for appointment of counsel. (Docket #10). As a civil litigant, Plaintiff has "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). However, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The court should seek counsel to represent the

plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Whether to appoint counsel in a particular case is left to the Court's discretion. *James*, 889 F.3d at 326; *McCaa v. Hamilton*, No. 16-4209, 2018 WL 3134606, at *3 (7th Cir. June 27, 2018).

Plaintiff's "motion" is simply a single sentence stating that he wants appointed counsel, as he has been unable to secure representation on his own. (Docket #10). He does not explain how this case might be too complex for him litigate. *See id.* The Court will not engage in an analysis of the *Pruitt* factors until Plaintiff submits a motion which meaningfully addresses them. In other words, the Court will not craft arguments on Plaintiff's behalf. The motion must, therefore, be denied.

Accordingly,

**IT IS ORDERED** that Defendants Donald Stonefeld and Pete Erickson be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's amended complaint and this Order are being electronically sent today to the Wisconsin Department of Justice for service on Defendant C.O. Evierson;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendant C.O. Evierson shall file a responsive pleading to the amended complaint within sixty (60) days of receiving electronic notice of this Order; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Docket #10) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of August, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge