# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEWHITE D. JOHNSON,

                Plaintiff,

v.

ALEX EVERSON,

                Defendant.

Case No. 18-CV-915-JPS

**ORDER**

## 1. INTRODUCTION

On August 24, 2018, the Court screened Plaintiff's amended complaint, his operative pleading. (Docket #15). The amended complaint alleges that Defendant was deliberately indifferent to Plaintiff's serious medical needs, namely that Defendant failed to report Plaintiff's medical condition to prison medical staff. *Id.* at 3. On February 21, 2019, Defendant moved for summary judgment on the basis of Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). (Docket #21). Plaintiff's response to the motion was due on or before March 25, 2019. Civ. L. R. 7(b). That deadline has passed and no response has been received. The Court could summarily grant Defendant's motion in light of Plaintiff's non-opposition. Civ. L. R. 7(d). However, as explained below, Defendant also presents a valid basis for dismissing Plaintiff's claim. For both of these reasons, Defendant's motion must be granted.

## 2. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

3. **BACKGROUND**

    3.1 **Plaintiff's Failure to Dispute the Material Facts**

    The relevant facts are undisputed because Plaintiff failed to dispute them. In the Court's scheduling order, entered September 18, 2018, Plaintiff was warned about the requirements for opposing a motion for summary judgment. (Docket #19 at 3). Accompanying that order were copies of Federal Rule of Civil Procedure 56 and Civil Local Rule 56, both of which describe in detail the form and contents of a proper summary judgment submission. In Defendant's motion for summary judgment, he too warned Plaintiff about the requirements for a response as set forth in Federal and Local Rules 56. (Docket #21). Plaintiff was provided with additional copies of those Rules along with Defendant's motion. *Id.* at 3–12. In connection with his motion, Defendant filed a supporting statement of material facts that complied with the applicable procedural rules. (Docket #24). It contained short, numbered paragraphs concisely stating those facts which Defendant proposed to be beyond dispute, with supporting citations to the attached evidentiary materials. *See id.*

Plaintiff did not file a response to Defendant's statement of facts, or anything for that matter, in opposition to Defendant's motion for summary judgment. Despite being twice warned of the strictures of summary judgment procedure, Plaintiff ignored those rules by failing to properly dispute Defendant's proffered facts with citations to relevant, admissible evidence. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Though the Court is required to liberally construe a *pro se* plaintiff's filings, it cannot act as his lawyer, and it cannot delve through the record to find favorable evidence for him. Thus, the Court will, unless otherwise stated, deem Defendant's facts undisputed for purposes of deciding his motion for summary judgment. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).

### 3.2  Exhaustion of Prisoner Administrative Remedies

It is helpful to review how the PLRA's exhaustion requirement plays out in the Wisconsin prison system prior to relating the relevant facts. The PLRA establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require," and he must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Smith v. Zachary*, 255 F.3d 446, 452 (7th Cir. 2001); *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense to be proven by Defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005). Exhaustion is a precondition to suit; a prisoner cannot file an action prior to

exhausting his administrative remedies or in anticipation that they will soon be exhausted. *Hernandez v. Dart*, 814 F.3d 836, 841–42 (7th Cir. 2016); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). A lawsuit must be dismissed even if the prisoner exhausts his administrative remedies during its pendency. *Ford*, 362 F.3d at 398.

The Wisconsin Department of Corrections ("DOC") maintains an Inmate Complaint Review System ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code DOC § 310.04. There are two steps an inmate must take to exhaust their administrative remedies under the ICRS. First, the inmate must file a complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* §§ 310.07(1), 310.09(6). A complaint filed beyond that time may be accepted by the ICE, in their discretion, if the inmate shows good cause. *Id.* § 310.07(2). The inmate is required to expressly seek leave to file a late complaint and provide reasons for their tardiness. *Id.*

The ICE may reject a complaint or, before accepting it, can direct the inmate to "attempt to resolve the issue." *See id.* §§ 310.08; 310.09(4); 310.11(5). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority. *Id.* § 310.11(6). If the complaint is not rejected, the ICE issues a recommendation for disposing of the complaint, either dismissal or affirmance, to the reviewing authority. *Id.* §§ 310.07(2), 310.11.1 The reviewing authority may accept or reject the ICE's recommendation. Id. at § 310.07(3).

Second, if the ICE recommends dismissal and the reviewing authority accepts it, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE"). *Id.* §§ 310.07(6), 310.13. The CCE issues a recommendation to the Secretary of the Department of Corrections who

may accept or reject it. *Id.* §§ 310.07(7), 310.13, 310.14. Upon receiving the Secretary's decision, or after forty-five days from the date the Secretary received the recommendation, the inmate's administrative remedies are exhausted. *Id.* §§ 310.07(7), 310.14.

### 3.3 Relevant Facts

At all times relevant, Plaintiff was an inmate at Green Bay Correctional Institution and Defendant was correctional officer employed there. Plaintiff alleges that he vomited in the dining hall on October 23, 2015. He claims that Defendant did not contact the Health Services Unit after this incident. Plaintiff was later hospitalized and developed diabetes; Plaintiff says the incidents are connected. While Plaintiff has filed numerous inmate complaints during his time in the DOC's custody, *see* (Docket #25-1), he submitted none having to do with Defendant or the claims in this case.

### 4. ANALYSIS

Plaintiff has not even begun his efforts to exhaust his administrative remedies as to his claim against Defendant, much less completed that process as required by the PLRA. Further, the time in which file an inmate complaint about Defendant's conduct passed long ago. Plaintiff's failure to exhaust is surprising, given that he has filed so many other inmate complaints during his time in prison. Nevertheless, the record offered by Defendant stands uncontradicted; Plaintiff's administrative remedies are not exhausted, and so this lawsuit must be dismissed.

### 5. CONCLUSION

Viewing the undisputed facts in the light most favorable to Plaintiff, the Court is obliged to conclude that this lawsuit must be dismissed because

he failed to properly exhaust his administrative remedies. This action will, therefore, be dismissed without prejudice.[1]

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment (Docket #21) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of March, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[1] Although it seems unlikely that Plaintiff will be able to complete the ICRS process for his claim at this late date, dismissals for failure to exhaust are always without prejudice. *Ford*, 362 F.3d at 401.